**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAMILTON,<br><br>                 Plaintiff,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE,<br><br>                 Defendant. | CIVIL ACTION NO. 3:14-CV-01988<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

### REPORT AND RECOMMENDATION

On October 14, 2014, the Court received a letter (Doc. 1), that was docketed as a Complaint by *pro se* Plaintiff Harry E. Hamilton. The letter is addressed to Judge Anita B. Brody, who is currently overseeing the multi district litigation involving the National Football League Players' Concussion Injury Litigation pending in the United States District Court in the Eastern District of Pennsylvania. By way of a brief background, the National Football League ("NFL") has agreed to a settlement of a class action lawsuit involving 242 complaints and more than 4,000 former NFL players who seek medical monitoring and compensation for long-term neurological injuries arising from concussions sustained while playing professional football. In accordance with the settlement terms, retired players who wish to remain in the settlement class and be bound by the terms contained in the settlement are not required to take any action to date. However, those players who wish to opt out or object to the terms of the settlement must inform the court by October 14, 2014.

In his letter, Plaintiff requests that Judge Brody allow him to opt out of the Settlement in order to preserve his right to participate in a future lawsuit against the NFL with respect to the claims in this case. More importantly, he has requested an extension of time so that he may

properly opt out and submit his various objections in accordance with the applicable rules. He filed this letter with the court before the exclusion deadline on October 14, 2014.

It appears that this filing is not a free standing complaint, but rather a defective motion for an extension of the exclusion deadline intended to be filed in the Eastern District of Pennsylvania. Specifically, this multidistrict litigation has been consolidated in the Eastern District of Pennsylvania, with Judge Brody presiding. Plaintiff filed this construed motion for an extension in the United States District Court for the Middle District of Pennsylvania accidently, which is evidenced by the fact that he addressed his letter to Judge Brody. Pursuant to 28 U.S.C § 1404 (a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district . . . .where it might have been brought." Here, it will be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania where this multidistrict litigation has been consolidated, especially considering the deadline to opt out of the proposed settlement.

Based on the foregoing, this Court recommends that this case be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to 28 U.S.C. § 1404(a).

Dated: October 17, 2013                                    *s/ Karoline Mehalchick*
                                                                         **KAROLINE MEHALCHICK**
                                                                         **United States Magistrate Judge**